IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENNY HEBERT, a/k/a BENNY HERBERT, | § § § | |
| *Petitioner,* | § § | |
| v. | § § | CIVIL ACTION NO. H-25-3926 |
| ROBERT LACY, JR., | § § | |
| *Respondent.* | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state parolee currently in federal pretrial detention at the Joe Corley Processing Center, filed this habeas petition under 28 U.S.C. § 2254 claiming that the Texas Department of Criminal Justice ("TDCJ") denied him certain jail time credits in 2021.

Having considered the petition, matters of public record, and the applicable law, the Court **DISMISSES** the petition for the reasons shown below.

### I.  BACKGROUND

Petitioner reports, and public state court records show, that he pleaded guilty to evading arrest with a motor vehicle in Harris County, Texas in 2021 and was sentenced to a five-year term of imprisonment in TDCJ. *See State v. Hebert*, Cause No. 162901901010 in the 338th Judicial District Court of Harris County, Texas. The state trial court gave petitioner 487 days of jail time credit towards execution of the sentence.

Petitioner states that, upon his arrival at TDCJ in 2021, prison officials did not give him the full 487 days of jail time credit towards his sentence. Petitioner was subsequently released to parole in 2024 and was to remain on parole until August 31, 2025. While on state parole, petitioner was arrested in April 2024 on multiple federal firearm and drug charges. Petitioner remains in federal pretrial custody awaiting trial on the charges. *United States v. Herbert*, Criminal Action No. 4:24-cr-248 (S.D. Tex.).

Petitioner claims in the instant habeas petition that TDCJ prison officials gave him only 312 days of jail time credit towards execution of his sentence. He seeks immediate discharge of his state sentence.[1]

## II. ANALYSIS

Although petitioner filed his instant time credit claims as a habeas petition under 28 U.S.C. § 2254, he is currently in federal custody at the Joe Corley Processing Center. He does not challenge the validity of his federal pretrial detention. However, a Texas prisoner who has been released to state parole remains in legal custody of TDCJ pursuant to his state court conviction. *Ex parte Elliott*, 746 S.W.2d 762, 763 n.1 (Tex. Crim. App. 1988) (holding that during his term of parole, a parolee is "in custody" and "confined"). Petitioner does not allege that his parole has been revoked. Thus, at the time petitioner was arrested and placed

---

[1] Petitioner also seeks an award of punitive damages. It has long been recognized that the sole function of a habeas petition is to obtain relief from unlawful imprisonment or custody; it cannot be used properly for any other purpose. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Petitioner's request for punitive damages is not available to him in this habeas proceeding.

in federal pretrial detention, he was in legal custody of TDCJ. Consequently, under *Galbraith v. Hopper*, 151 F.4th 795, 802–03 (5th Cir. Aug. 20, 2025), petitioner's habeas petition must be reviewed under both 28 U.S.C. § 2241 and § 2254, and his petition is subject to the restrictions imposed by 28 U.S.C. § 2244(b)(1).

Under § 2244(b)(1), "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Petitioner filed an earlier § 2254 habeas petition in September 2022 raising his claim that TDCJ officials failed to give him the full 487 days of jail time credit towards his sentence. *Hebert v. Lumpkin*, C.A. No. 1:22-cv-0116 (S.D. Tex.). The Court dismissed the petition with prejudice as barred by the applicable one-year statute of limitations on October 11, 2023. The Court further noted that petitioner had failed to exhaust his state court remedies. Petitioner did not appeal the dismissal.

The instant petition is a second or successive habeas petition that raises the claim that was adjudicated and dismissed with prejudice in petitioner's 2022 habeas lawsuit. Accordingly, the instant claim is barred by § 2244(b)(1) and must be dismissed.[2]

---

[2] Petitioner has yet to exhaust his claim through the Texas Court of Criminal Appeals, and the unexhausted claim is subject to dismissal for lack of jurisdiction pursuant to 28 U.S.C. § 2254(b)(1). Nevertheless, the Court is dismissing this case pursuant to § 2244(b)(1) and not for failure to exhaust. 28 U.S.C. § 2254(b)(2).

## III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 20th day of November, 2025.

                                        KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE